O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC RAMEY,<br><br>     Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>     Defendant. | Case No. EDCV 11-0637 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

//

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**A.   The Court is unable to affirm the ALJ's determination that plaintiff's mental impairments had sufficiently improved after September 2, 2009 to enable him to perform his past relevant work.**

Disputed Issue No. 1 is directed to the ALJ's determination that plaintiff's mental impairments had sufficiently improved after September 2, 2009 to enable him to perform his past relevant work. In making this determination, the ALJ credited the opinions rendered at the administrative hearing by the Medical Expert, Dr. Glassmire, over the opinion of plaintiff's longtime treating physician, Dr. Payne, who had opined on April 27, 2010 that plaintiff was unable to work and would most likely deteriorate in any work setting. (See AR 487.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th

Cir. 1987).[2]

Moreover, the Ninth Circuit has held that a treating physician may render an opinion on the ultimate issue of disability. See Reddick, 157 F.3d at 725 ("In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work. . . . A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. . . . In sum, reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) (finding that ALJ had failed to give sufficiently specific reasons for rejecting the conclusion of plaintiff's treating orthopedist that plaintiff was "permanently disabled from his medical condition as well as his orthopaedic problems").

Here, the only reason provided by the ALJ for rejecting Dr. Payne's April 27, 2010 opinion was that it was "not supported by the claimant's records after September 2, 2009." (See AR 27.) However, that reason constitutes the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey, 849 F.2d at 421-22. There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." Id. at 421.

---

[2] To the extent that the Commissioner appears to be questioning this "judicially created standard" (see Jt Stip at 25-26), the Court notes that until such time as either a Ninth Circuit en banc panel or the United States Supreme Court rejects the Ninth Circuit's "treating physician rule," this Court is compelled to follow it.

Moreover, as plaintiff points out, the additional evidence submitted by plaintiff to the Appeals Council included a letter from Dr. Payne dated June 23, 2010 in which Dr. Payne reported and expressed the opinions that plaintiff continued to be unable to work as of that time; that plaintiff's condition had not improved; that plaintiff's medication regimen was constantly changing to help control his symptoms; and that plaintiff would most likely deteriorate in any work setting. (See AR 490.) In its order denying review, the Appeals Council did not specifically address Dr. Payne's June 23, 2010 opinions; however, it did state that the additional records submitted by plaintiff showed adjustment to medication, indicated only partial compliance,[3] and stated that the medications were partially successful in controlling plaintiff's psychological impairments. (See AR 2.)

Since the Appeals Council stated in its order denying review that it had considered plaintiff's additional evidence, the additional evidence is part of the Administrative Record for purposes of the Court's analysis. See Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993) ("[A]lthough the Appeals Council 'declined to review' the decision of the ALJ, it reached this ruling after considering the case on the merits; examining the entire record, including the additional material; and concluding that the ALJ's decision was proper and that the additional material failed to 'provide a basis for changing the hearing decision.' For these reasons, we consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council."); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (the court may properly consider the additional

---

[3] The Court notes that, of the six reports of visits included with the additional medical records submitted to the Appeals Council, the only report that stated plaintiff was only partially compliant with his medications was the report for January 15, 2010. (See AR 504). In the other five reports, with respect to the issue of plaintiff's compliance to medication plan, the word "yes" was written in. (See AR 503 (2/16/10), 494 (3/30/10), 493 (4/27/10), 492 (5/19/10), and 491 (6/16/10).)

materials because the Appeals Council addressed them in the context of denying appellant's request for review); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("Although the ALJ did not have the advantage of this opinion letter, the Appeals Council considered this information and it became part of the record we are required to review as a whole."). The Commissioner's own regulations are in accord. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

The Court is mindful that, in a recent panel decision, the Ninth Circuit held that a district court lacks jurisdiction to review the Appeals Council's decision denying plaintiff's request for review. See Taylor v. Comm'r of SSA, 659 F.3d 1228, 1231 (9th Cir. 2011). Further, in Taylor, the Ninth Circuit reaffirmed its holding in Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996), cert. denied, 519 U.S. 881 (1996) that the Appeals Council is not required to make any particular evidentiary finding when it rejects evidence obtained after an adverse administrative decision. See id. at 1232. However, in Taylor, the Ninth Circuit also reaffirmed its holding in Ramirez, a case decided prior to Gomez. See id. There, the Ninth Circuit had faulted the Appeals Council for failing to give any reason, let alone a "specific and legitimate" reason based on the substantial evidence of record, for rejecting the opinion of a treating physician contained in a report submitted to the Appeals Council in conjunction with the claimant's request for review, and had remanded to the district court for an immediate award of benefits. See Ramirez, 8 F.3d at 1451-55.

The Court notes that neither the Gomez panel nor the Taylor panel had the authority to override Ramirez, and that numerous other district court decisions in this Circuit support the proposition that where the Appeals Council considers a treating or examining physician's opinion submitted after issuance of the ALJ's decision and rejects that opinion **or denies review after stating that it has considered that evidence**, it must provide specific and legitimate reasons for doing so. See, e.g., Luckett v. Astrue, 2010 WL 3825703, at *9 (E.D. Cal. Sept. 28, 2010) (holding that, where the Appeals Council indicated it had considered plaintiff's claims of error and

a newly offered medical opinion, the Appeals Council erred by not stating a specific reason for rejecting that opinion); Brent v. Astrue, 2010 WL 3521788, at *5-*6 (C.D. Cal. Sept. 7, 2010) (concluding that the Appeals Council erred by summarily rejecting the later-submitted opinion of an examining physician without providing specific reasons supporting such rejection); Jenkins v. Astrue, 2010 WL 368877, at *4 (C.D. Cal. Jan. 27, 2010) ("The bald conclusion that Dr. Peterson's statement did not provide a basis for changing the ALJ's decision is legally insufficient. The Appeals Council should have set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Peterson's statement or remanded the case back to the ALJ to consider it."); Castillo v. Astrue, 2008 WL 4330253, at *4 (C.D. Cal. Sept. 18, 2008) (holding that the Appeals Council's failure to provide specific and legitimate reasons for rejecting a treating physician's opinion was "clear legal error" and that the result would be the same if the physician was only an examining physician); Siska v. Barnhart, 2002 WL 31750220, at *5 (N.D. Cal. Dec. 4, 2002) ("[T]he Appeals Council considered the opinions of Dr. Chua and Cook, but found those opinions did not provide a basis for changing the ALJ's decision.... In so ruling, the Appeals Council did not provide any specific and legitimate reasons for its conclusion, and thus erred."). Here, as in Ramirez, the Appeals Council failed to give any reason, let alone a "specific and legitimate" reason based on the substantial evidence of record, for rejecting Dr. Payne's June 23, 2010 opinions.

**B. The ALJ failed to make a proper adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony.**

Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective pain and symptom testimony.

As a preliminary matter, the Court notes that it is unclear from the Commissioner's portion of the Joint Stipulation whether the Commissioner is applying the correct standard of review to the ALJ's adverse credibility

determination. (See Jt Stip at 20.) The law is well established in the Ninth Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, the ALJ expressly found as follows: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (See AR 26.) Since the ALJ did not find that the record here contained any affirmative evidence of malingering and the Commissioner is not contending that the record contains affirmative evidence of malingering, the question becomes whether the ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above.

For the reasons stated by plaintiff (see Jt Stip at 14-20, 22-23), the Court finds that the answer to this question is no. The ALJ's primary rationale for not crediting plaintiff's subjective pain and symptom testimony was that it was not supported by the objective evidence of record. (See AR 25 ("The claimant's records do not support the level of pain the claimant alleges."); 26 ("His records do not support the physical limitations or degree of pain the claimant alleges.").) However, under the "Cotton standard," the lack of supporting objective evidence in itself does not constitute a clear and convincing reason for discrediting a plaintiff's excess pain and subjective symptom testimony. See Cotton, 799 F.2d at 1407 ("Requiring full objective confirmation of pain complaints before believing them 'would overlook the fact that

1 pain is a highly idiosyncratic phenomenon, varying according to the pain threshold
2 and stamina of the individual victim,' and it would trivialize the importance that we
3 have consistently ascribed to pain testimony, rendering it, in the final analysis, almost
4 superfluous."). Moreover, the ALJ's assertions quoted above constitute the same
5 kind of "general findings" that the Ninth Circuit held in <u>Dodrill</u>, 12 F.3d at 918, were
6 insufficient to reject a claimant's testimony regarding debilitating pain.

**C.   The ALJ failed to properly consider the opinions reflected in Dr. Lie's May 5, 2010 report.**

Disputed Issue No. 3 is directed to the ALJ's rejection of the opinion rendered on May 5, 2010 by another of plaintiff's treating physicians, Dr. Lie. Dr. Lie reported that plaintiff had first presented on November 17, 2008 with complaints of right first toe pain and right ankle; that plaintiff had a history of right first toe fracture and multiple ankle sprains; that examination revealed traumatic arthritis of the right first toe due to his prior fracture and degenerative changes of the right ankle; that plaintiff had been treated with pain medications, and custom foot and ankle brace without improvement; and that plaintiff needed surgery for treatment of his condition and was waiting for insurance company approval. Dr. Lie opined that plaintiff was "unable to perform his usual and customary work as a warehouse worker due to pain with ambulation and stiffness of the right 1st toe and right ankle which prevents other activities such as squatting or tip toeing." (<u>See</u> AR 488.)

The ALJ's sole stated reason for rejecting Dr. Lie's opinions of May 15, 2010 were that they were "not supported by the claimant's records, including those from Dr. Lie." (<u>See</u> AR 26; <u>see also</u> AR 27 ("The claimant's records do not support the opinions of Dr. Lie .... The objective evidence does not support the limitations Dr. Lie has opined.").) However, the ALJ did not specify the records from Dr. Lie to which he was referring. The only medical record specifically cited by the ALJ as inconsistent with Dr. Lie's opinions was a September 2008 examination report. (<u>See</u>

8

AR 27.) Although the ALJ characterized that examination report as "unremarkable" (see AR 26), the report did note ankle tenderness. (See AR 310.) Moreover, according to Dr. Lie, plaintiff did not first present to him until two months later in November 2008. (See AR 488.) The medical evidence of record during the course of Dr. Lie's treatment of plaintiff reflects that plaintiff's toe and ankle impairments were found sufficiently serious to warrant surgical intervention. (See AR 373-79, 398-99, 401-21, 423-38, 440-49, 451-65, 467-85.) In the face of these medical records, the Court is unable to affirm the ALJ's rejection of Dr. Lie's opinion based on the single medical record cited by the ALJ, which predated Dr. Lie's treatment of plaintiff and also predated Dr. Lie's May 15, 2010 opinion by 20 months.

The Commissioner has cited Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) for the proposition that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." (See Jt Stip at 26.) However, the ALJ did not give that reason for rejecting Dr. Lie's opinions and the Court consequently is unable to consider it. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

The Commissioner also seems to be contending that the ALJ did not err in rejecting Dr. Lie's opinions because, contrary to his opinions, the State Agency review physicians opined that plaintiff was capable of performing a significant range of medium work. (See Jt Stip at 26-27.) However, the fact that Dr. Lie's opinions were controverted by the opinions of the State Agency review physicians was not in itself a legitimate reason for rejecting Dr. Lie's opinions, but rather merely was determinative of the governing standard for doing so.

The Commissioner also seems to be contending that Dr. Lie's opinion that plaintiff was "unable to perform his usual and customary work as a warehouse

worker" was not a proper medical opinion and therefore the ALJ's rejection of that opinion was not governed by the "treating physician rule." (See Jt Stip at 27.) However, Reddick, 157 F.3d at 725, and Embrey, 849 F.2d at 421-22 are dispositive of that contention.

Finally, the Court notes that the ALJ's assertion to the effect that, even if plaintiff lacked the ability to squat or tip toe as Dr. Lie had opined, such a limitation "would not in and of itself lead to a disability under the rules and regulations binding on this decision" also did not constitute a legitimate reason for not crediting Dr. Lie's opinions. (See AR 28.) Dr. Lie had not purported to opine that plaintiff was disabled from all gainful employment. Rather, he merely had opined that plaintiff was "unable to perform his usual and customary work as a warehouse worker." According to the vocational expert, the Dictionary of Occupational Titles ("DOT") section applicable to plaintiff's warehouse worker job was 922.687-058. According to that section, the warehouse worker job requires frequent stooping and crouching, and occasional kneeling. Consequently, if Dr. Lie's opinion that plaintiff lacked the ability to squat or tip toe were credited, plaintiff would lack the ability to perform his past work as a warehouse worker. Since the unfavorable part of the ALJ's decision was based on the ALJ's finding that, beginning on September 3, 2009, plaintiff was capable of performing his past relevant work as a warehouse worker, the ALJ's assertion was irrelevant to the issue of whether Dr. Lie's opinions should be credited.

**D.    The ALJ failed to properly consider the statements of plaintiff's wife.**

Disputed Issue No. 4 is directed to the ALJ's failure to fully credit the statements of plaintiff's wife, Tamaxnisba Ramey, regarding plaintiff's limitations and symptoms. (See AR 194-97.)

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony

rejected. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill, 12 F.3d at 919.

Here, the ALJ purported to provide the following three reasons for not fully crediting plaintiff's wife's statements regarding plaintiff's limitations and symptoms (see AR 25-26).

1. "Ms. Ramey is the claimant's wife and as such may have a familial and financial interest in the claimant receiving benefits herein."

2. "Ms. Ramey is not a medical doctor or other qualified expert and thus cannot give a qualified opinion as to the claimant's impairments or ability to perform work activity."

3. "[T]he opinions of Ms. Ramey are not supported by the claimant's records."

Bias due to familial relationship and possible pecuniary interest would apply with equal force to any member of a claimant's family providing testimony corroborative of the claimant's subjective testimony. Accordingly, the Court finds that the ALJ's first reason did not constitute a legitimate reason for rejecting plaintiff's wife's testimony. See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (holding that bias was not a legitimate reason for discounting the corroborative testimony of the claimant's mother, who had testified inter alia that she was the claimant's sole source of support); Smolen, 80 F.3d at 1289 ("The fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."); Oh v. Astrue, 2011 WL 486592, at *2 (C.D. Cal. Feb. 3, 2011) ("The ALJ's reasoning that witnesses who live with or support a plaintiff are not credible for reasons of bias cannot be considered legally proper, since the same rationale could be used to reject lay witness testimony in almost every case."); Traister v. Astrue, 2010 WL 1462118, at *4 (C.D. Cal. Apr. 13, 2010) ("Although a relationship with the plaintiff can be one possible ground to question credibility, something more is

required to show that a lay witness's testimony is so tainted by bias that it must be rejected."); Franklin v. Astrue, 2010 WL 330239, at *2 n.3 (C.D. Cal. Jan. 21, 2010) ("The ALJ's additionally noted reason, that Plaintiff's husband is biased because he has a financial interest in seeing Plaintiff receive Social Security benefits, is not an appropriate reason to depreciate lay witness credibility.").

The fact that plaintiff's wife was not a medical doctor or other qualified expert is what made her a lay witness, as opposed to an expert witness. Accordingly, the Court finds that the ALJ's second reason could not possibly constitute a legitimate reason germane to plaintiff's wife's testimony for rejecting it.

As to the ALJ's third reason, the Court notes that the Ninth Circuit did hold in Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) that inconsistency with medical evidence qualified as a legitimate reason for discrediting the testimony of lay witnesses. However, the ALJ here failed to specify any medical evidence of record with which plaintiff's wife's testimony was inconsistent. The Court therefore is unable to find that this conclusory assertion by the ALJ constitutes a valid reason for rejecting the testimony of plaintiff's wife. See Smolen, 80 F.3d at 1289 (holding that the rejection of lay witness testimony because it was not corroborated by the claimant's medical records "violates Social Security Ruling ["SSR"] 88-13 [since superseded by SSR 95-5p], which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by her medical records"); see also Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record.").

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at

603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Indeed, plaintiff concedes with respect to Disputed Issue Nos. 1 and 3 that the errors warrant a remand for further proceedings. (See Jt Stip at 10, 24.)

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman, 211 F.3d at 1178[4]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: March 7, 2012

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.